609 S.E.2d 527

**In the Matter of Steven Robinson CURETON, Respondent.**

Supreme Court of South Carolina.

Feb. 23, 2005.

## ORDER

Respondent has been arrested for possession of Alprazolam, Hydrocodone Biterate, and morphine sulfate, in violation of S.C.Code Ann. § 44–53–370(d)(2); possession of marijuana, weighing less than 28 grams, in violation of S.C.Code Ann. § 44–53–370(d)(3); and possession of cocaine, in excess of 10 grains, in violation of S.C.Code Ann. § 44–53–370(b)(1). As a result, the Office of Disciplinary Counsel has filed a petition asking this Court to place respondent on interim suspension pursuant to Rule 17(a), RLDE, Rule 413, SCACR, and seeking the appointment of an attorney to protect clients' interests pursuant to Rule 31, RLDE, Rule 413, SCACR. Respondent consents to these requests.

IT IS ORDERED that respondent's license to practice law in this state is suspended until further order of the Court.

IT IS FURTHER ORDERED that Kenneth S. Roper, Esquire, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain. Mr. Roper shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Roper may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating accounts of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that Kenneth S. Roper, Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that Kenneth S. Roper, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Roper's office.

/s/ James E. Moore, A.C.J.
FOR THE COURT