644 S.E.2d 661

**In the Matter of Steven Robinson CURETON, Respondent.**

No. 26301.

Supreme Court of South Carolina.

Submitted March 12, 2007.

Refiled April 23, 2007.

Rehearing Denied May 23, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Assistant Deputy Attorney General Robert E. Bogan, of Columbia, for the Office of Disciplinary Counsel.

Perry Hudson Gravely, of Pickens, for Respondent.

## ORDER

PER CURIAM.

Following the issuance of this Court's opinion imposing a two year suspension in this matter, information was received from the parties regarding the disposition of the charges which form the basis for that suspension. In order to accurately reflect the status of the charges, we withdraw the former opinion and substitute the attached opinion.

2

IT IS SO ORDERED.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension or any lesser sanction set forth in Rule 7(b), RLDE. Respondent requests that, if a definite suspension is imposed, it run from the date of his interim suspension.[1] We accept the Agreement and find a two year suspension from the practice of law is the appropriate sanction; however, we deny respondent's request that the definite suspension run from the date of his interim suspension. The facts, as set forth in the Agreement, are as follows.

## *Facts*

### A. *Criminal Matter*

Respondent was arrested and charged with possession of alprazolam, a generic form of Xanax; possession of hydrocodone biterate, a generic form of Lortab; and possession of morphine sulfate, all in violation of S.C.Code Ann. § 44–53–370(d)(2). He was also charged with possession of marijuana, less than 28 grams, in violation of S.C.Code Ann. § 44–53–370(d)(3), and possession of cocaine with intent to distribute, based on his possession of 3.84 grams of cocaine, in violation of S.C.Code Ann. § 44–53–370(b)(1). The charges for possession of alprazolam and possession of morphine sulfate were dismissed. With regard to the remaining charges, respondent pled guilty to possession of hydrocodone and acetaminophen, possession of marijuana and possession of cocaine. Respondent does not dispute that he committed the offenses and admits that, at the time of his arrest, he suffered from a cocaine dependency for which he has since sought and completed inpatient and outpatient treatment.

### B. *Legal Representation Matter*

Respondent was retained by three clients and was paid a fee of either $3,000 or $3,500 by or on behalf of each client. The clients maintain that, upon his suspension, respondent failed to

---

1. *In re Cureton*, 363 S.C. 78, 609 S.E.2d 527 (2005).

adequately communicate with them regarding their cases and they were required to retain other counsel to complete their litigation.

Respondent acknowledges he did not communicate with the clients with reasonable diligence and promptness as required by Rules 1.3 and 1.4 of the Rules of Professional Conduct, Rule 407, SCACR, and that his physical and mental condition, caused by his drug dependency, may have impaired his ability to handle the clients' cases, in violation of Rule 1.16(a)(2), RPC, Rule 407, SCACR. Respondent also acknowledges the clients are entitled to a refund of their retainer fees, less any amount respondent earned by performing work on the clients' behalf.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, keep the client reasonably informed about the status of the matter, and promptly comply with reasonable requests for information); Rule 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fees or expenses that has not been earned or incurred); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b)(it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); and Rule 8.4(c) (it is professional misconduct for a lawyer to commit a criminal act involving moral turpitude).

Respondent also admits that he has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for

discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or to engage in conduct demonstrating an unfitness to practice law).

### *Conclusion*

We find a two year suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for two years. Respondent shall not be eligible for reinstatement until respondent has paid his fine and completed the sentence imposed, including release from the period of probation. *See* Rule 33(f)(10), RLDE. Finally, respondent shall, within thirty days of the date of this opinion, enter into a restitution plan with the Office of Disciplinary Counsel, and begin making restitution to presently known and/or subsequently identified clients, banks, and other persons and entities, including the Lawyers' Fund for Client Protection, who have incurred losses as a result of respondent's misconduct in connection with these matters. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.